## BIG HORN COUNTY v. ILES

(No. 2190; May 27, 1941; 113 Pac. (2d) 516)

In support of the Motion, there was a brief by *Milward L. Simpson* and *V. R. Grundman* of Cody.

78

There was a brief by *Ewing T. Kerr*, Attorney General; *Harold I. Bacheller*, Deputy Attorney General; and *Arthur Kline*, Assistant Attorney General, oll of Cheyenne, as Amicus Curiae.

ON MOTION FOR ALLOWANCE OF ATTORNEYS' FEES

BLUME, Justice.

In this case an appeal was taken by Big Horn County, Wyoming, from an award to Iles under the compensation laws of this state. The award was affirmed. 110 P. (2d) 826. Counsel for Iles have filed an application herein asking this court to allow him attorney fee in the sum of $100, payable out of the compensation fund. Not being satisfied that the amount should be paid out of that fund, we directed that a brief be filed herein on the point, and that the county and the attorney general of this state be served with a copy. A brief has been filed herein by the latter, expressing a doubt that the fee should be paid out of the compensation fund.

Prior to 1937, Section 124-128, Rev. St. 1931, provided as follows:

"It shall be unlawful for any person or any number of persons acting together or separately or in any way, including attorneys, agents, interpreters, and all other persons, to receive or agree to receive either directly or indirectly from any beneficiary or beneficiaries under this chapter, for services rendered or to be rendered, either jointly or separately, in relation to procuring any benefit or benefits under this chapter, any sum or sums aggregating more than five per centum of the whole amount received or to be received by such beneficiary or beneficiaries, on account of injuries to any employe, and in no event to exceed fifty dollars ($50.00). Every person violating or concerned in the violation of the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00), to which may be added imprisonment in the county jail for a term not exceeding ninety days."

By Section 8, Ch. 128, Session Laws of 1937, the law was amended by inserting after the first clause referring to "fifty dollars ($50.00)" the following: "provided that for services in the supreme court an additional attorneys' fee to be fixed by the court not in excess of one hundred dollars ($100) shall be allowed."

We think the statute is plain. As the law stood before 1937, an attorney of the employee was allowed to charge the sum of fifty dollars, and no more. That sum was to be paid by the employee, and not out of the compensation fund of the state, and we think the constant practice in this state has been in conformity therewith. The amendment of 1937 permits an *additional* amount of $100, for services in this court. The term *additional* could only refer to the fifty dollars previously allowed, and patently has reference to the same source from which the latter sum is payable. And since the amount to be allowed evidently depends upon the amount of labor and time which the court thinks has been necessarily and properly expended on the case on appeal, the statute appears to contemplate that the amount, or so much thereof as is deemed proper, shall be allowed by the supreme and not by the district court.

Counsel for Iles further claims that he should be allowed the sum asked as a penalty under Section 89-4804, Rev. St. 1931, which, in substance, allows the court to assess a penalty when it is apparent that an appeal was not justified. We entered an order herein at the time of the affirmance of the judgment of the trial court, as contemplated by the statute last cited, that there was reasonable cause for the appeal taken by the county. An examination of the opinion written in this case will clearly show that the order was justified. It was only after laborious examination and much hesitation that the court came to the conclusion that the judgment below should be affirmed.

An order will, accordingly, be entered herein, allowing counsel the sum of one hundred dollars, in accordance with the statute, payable, however, only by the employee, and not out of the compensation fund of the state.

RINER, Ch. J., and KIMBALL, J., concur.